## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Morris Killingham,                                             Civil No. 04-2982 (DWF/RLE)

           Plaintiff,

v.                                                        **ORDER AND MEMORANDUM**

Jo Anne B. Barnhart, Commissioner
of Social Security,

           Defendant.

___

William L. Orr, Esq., Orr Law Office, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

___

      This matter is before the Court upon Defendant's objections to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") dated August 26, 2005, recommending that: (1) Plaintiff's motion for summary judgment be denied; (2) Defendant's motion for summary judgment be denied; and (3) this matter be remanded to the Commissioner for further proceedings in accordance with Chief Magistrate Judge Erickson's R&R. Plaintiff, through his counsel, has also filed a reply to Defendant's objections.

      The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and concisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant's objections (Doc. No. 25) to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated August 26, 2005, are **DENIED**.

2. Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated August 26, 2005 (Doc. No. 24), is **ADOPTED**.

3. Plaintiff's motion for summary judgment (Doc. No. 17) is **DENIED**.

4. Defendant's motion for summary judgment (Doc. No. 20) is **DENIED**.

5. This matter is remanded to the Commissioner for further proceedings in accordance with Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated August 26, 2005 (Doc. No. 24).


Dated: September 26, 2005        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court


**MEMORANDUM**

A district court must make an independent *de novo* evaluation of those portions of an R&R to which objections are made and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); L.R. 72.2(b). The Court has done so.

On the record before this Court, the Commissioner clearly had an obligation, at a minimum, to contact the treating medical source for "additional evidence or clarification," 20 C.F.R. § 404.1512(e) (2005), and for an assessment of how the "impairments limited [the Plaintiff's] ability to engage in work-related activities." *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002), quoting *Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001); *see also O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003); *Brosnahan v. Barnhart*, 336 F.3d 671, 678 (8th Cir. 2003). I further concur with the conclusion of Chief Magistrate Judge Erickson that Social Security Ruling 96-5(p) requires a supplementation, or clarification, of Foster's opinions, by providing as follows:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

61 F.R. 34471, 34474, 1996 WL 362206 (July 2, 1996).

The Court acknowledges that "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Snead v. Barnhart*, 360 F.3d 834 (8th Cir. 2004), citing *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). I conclude, as Chief Magistrate Judge Erickson did, that an informed decision on the critical issue of Plaintiff's degree of mental impairment cannot responsibly be reached without additional evidence.

The Court assumes on remand that the parties will determine which of the existing medical records are probative and then provide the ALJ with legible copies of those records from Psychologist Mark Foster or another psychiatrist or psychologist. Of course, if the ALJ requires additional evidence to make a disability determination, she should order consultive examinations to be performed at the

expense of the Social Security Administration.  *See* 20 C.F.R. § 404.1517(a) (1989); *Bishop v. Sullivan*, 1992 WL 120376 (E.D. Cal.).

For these reasons, the Court has remanded the case to the Commissioner so that the Commissioner can develop the record in a full and just manner.

D.W.F.